FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2018 NOV 19  PM 3: 12

. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

PATRICIA KENNEDY, Individually,

      Plaintiff,

v.

CAPE SIESTA MOTEL,  LLC., &
FAWLTY TOWERS, INC.,

      Defendants,

_____/

Case No. C 18-cV- 1992 - ORL-22
DCI

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants,

CAPE SIESTA MOTEL,  LLC., & FAWLTY TOWERS, INC., (sometimes referred to

collectively as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and

costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff  is sui juris and qualifies as an individual with disabilities as defined by

the ADA.  Plaintiff is unable to engage in the major life activity of walking more

than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in

a wheelchair or with a cane or other support and has limited use of her hands. She

is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating

beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair.

Plaintiff requires accessible handicap parking spaces located closet to the entrances

of a facility. The handicap and access aisles must be of sufficient width so that she

can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Plaintiff relies on handrails to climb and descend ramps. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2.      Plaintiff is a resident of Broward County and Polk County Florida. Plaintiff constantly travels throughout the state of Florida, including the Brevard County Area. Over the years, she has been a repeated visitor to Cocoa Beach. Whenever she travels, she must stay at an area hotel.

3.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

2

4.           According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a lodging known as Fawlty Towers Motel located at 100 E. Cocoa Beach Causeway, Cocoa, Florida.

5.           Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6.           Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7.           As the owners or operators of the subject premises, Defendant is required to comply with the ADA. The county records indicate that this facility was constructed prior to January 26, 1993 ("pre-existing facility"), and Defendant was thereby under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed or altered after to January 26, 1993 ("newly constructed facility"), the Defendant was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the 1991 or

3

2010 ADA Standards to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the 1991 or 2010 ADA Standards to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

8.    On February 15, 2017, Plaintiff stayed at the property which forms the basis of this lawsuit. She returned again and checked in on October 8, 2018 and visited the property twice in between. Ms. Kennedy plans to return to the property again in the near future, specifically, on April 8, 2019, to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. These barriers discriminate against Plaintiff against her on the basis of her disability. These barriers are described as follows:

i.    Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii.    Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii.    Plaintiff found that the hotel was nearly completely lacking in any accessible features. As a result, Plaintiff attempted to stay overnight and paid for a room, but was forced to leave and stay overnight in a separate hotel. The front office was not accessible, as it was blocked by a step with no ramp for wheelchair passage. There is a ramp without proper handrails. The common area restroom is inaccessible. There are handicap parking spaces lacking complaint access aisles. Some aisles are triangular

4

and lack sufficient width. The signs are improperly located and lack the language required to make them enforceable. Some of the handicap parking spaces are edged with an abrupt change in level. The pool was completely inaccessible. It had no lift and there was no compliant accessible route to access it. One route to the pool was from the guest rooms, but required passage over steps: the only other route being through the office, which also was blocked by steps. The hotel admits that it has no accessible guestrooms. The room in which Plaintiff attempted to stay was completely inaccessible. To enter, a person had to climb a step and the room was therefore completely inaccessible by wheelchair without assistance. The door lacked proper latch side clearance. The desk is inaccessible. The restroom door is too narrow and has improper knob hardware. There are no grab bars, rendering the commode completely accessible. The restroom is too small. The sink has a cabinet, lacking required knee clearance. Amenities are out of reach. The shower is too small, has a threshold that blocks wheelchair access, has improper hardware, shower head too high, and lacks any grab bars or seat. The air conditioner controls and door peephole are too high. There was insufficient space to maneuver around the room.

9.       The violations present at Defendant's facility create a hazard to Plaintiff's safety.

10.      Plaintiff intends to return to the property in the near future, specifically on April 8, 2019, but is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

11.      The violations present at Defendant's facility infringe Plaintiff's right to travel free of

discrimination.   Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility.  By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.   By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public. The harm suffered by Plaintiff constitutes a present, continuous and ongoing injury.

12.        Plaintiff has suffered, presently suffers and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

13.        Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to this property as described but not necessarily limited to the allegations above.  In addition to the fact that Plaintiff suffers ongoing and  present injury, Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the

6

ADA by the Defendant. Plaintiff desires to visit the Fawlty Towers Motel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff intends to revisit the facility in the near future, not to be later than April 8, 2019.

14.     The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

15.     The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine

7

all of the areas of non-compliance with the Americans with Disabilities Act.

16.      Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.      Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Terrace Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

[SIGNATURE FOLLOWS]

Respectfully Submitted,

/s/Philip Michael Cullen, III
Fla. Bar No: 167853
**PHILIP MICHAEL CULLEN, III**
Attorney-at-Law -- Chartered
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
e-mail: CULLENIII@aol.com