IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**PATRICIA KENNEDY**, Individually,

    Plaintiff,

  v.                                                Case No: 6:18-cv-01992-ACC-DCI

**CAPE SIESTA MOTEL, LLC., &**
**FAWLTY TOWERS, INC.,**

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

**COMES NOW** Defendants, CAPE SIESTA MOTEL, LLC and FAWLTY TOWERS, INC., (Collectively, "Defendants") by and through the undersigned attorney files its Motion to Dismiss Plaintiff's PATRICIA KENNEDY's (Hereinafter, "Plaintiff") Complaint [Doc. 1] and as grounds therefore states as follows:

### I.    INTRODUCTION

"Generation after generation of parents have passed along a basic adage to their children: if at first you don't succeed, try, try again. Such advice encouraging perseverance can serve one well throughout a myriad of life experiences. But while steadfast determination may, in the abstract, be worthy of aspiration, the legal field has — as is often the case — made an exception to this generalized rule." Depianti V. Jan-Pro Franchising International, 873 F.3d 21 (1st Cir. 2017).

This is not the first time that Plaintiff has sued the Defendants[1]. This Court aware of this fact, as this case has already been transferred pursuant to Local Rule 1.04(a) because it was re-filed without substantial change in issues or parties as <u>Patricia Kennedy v. Cape Siesta Motel, LLC and Fawlty Towers, Inc</u>., Case No. 6:17-cv-537-Orl-40DCI. [Doc. 8].

As will be argued below, Plaintiff is barred from re-litigating the issue of standing to pursue her claim in this Court under the doctrine of collateral estoppel. For that reason, and many others addressed herein, Plaintiff's Complaint must be dismissed.

## II.   BACKGROUND

Due to the Court's involvement in the previous lawsuit, Defendants presume that the Court is familiar with the history but will provide a briefly summary, nonetheless.

*The Initial Case*

1.   Plaintiff, Patricia Kennedy ("Plaintiff") filed the original action against Defendants on March 27, 2017 wherein she sought injunctive relief for alleged violations of the Americans with Disabilities Act ("ADA") in connection with her stay at the Motel ("Motel") operated by Fawlty Towers, Inc. which is located on property owned by Cape Siesta Motel LLC in Cocoa Beach, Florida. *See*, <u>Kennedy v. Cape Siesta Motel, LLC, et al</u>, Case No. 6:17-cv-537-ORL-40DCI (hereinafter, the "Initial Case")

---

[1] Aside from the lawsuit previously dismissed in this district, on August 4, 218, Plaintiff also filed a lawsuit against the Defendants in the Southern District for alleged violations of the ADA. See, <u>Patricia Kennedy v. Cape Siesta Motel, LLC and Fawlty Towers, Inc</u>., Case No.0:18-cv-61811-MGC. (the "Southern District Lawsuit")

2

2. On April 13, 2017, Plaintiff filed her answers to Court interrogatories. [Doc. 9-1][2]. Plaintiff stated under penalty of perjury that she visited the Defendants' property on September 3, 2016 in mid-afternoon and October 1-2, 2016.

3. On March 8, 2018, Plaintiff filed her motion for summary judgment in the Initial Case. Attached as exhibit A to her motion, Plaintiff provided a statement pursuant to 28 U.S.C. 1746. In that statement, Plaintiff states, "Prior to the filing of this law suit, specifically on February 15, 2017, I visited the Fawlty Towers Motel at 100 E. Cocoa Beach Causeway, Cocoa, Florida." [Doc. 21-1, p. 3]. The February 15, 2017 visit was not identified by Plaintiff in her answers to Court interrogatories filed in April 2017. Plaintiff's answers were never supplemented.

4. Thereafter, On April 23, 2018, the Court entered its case management and scheduling order. [Doc. 33.] This Order closed precluded amendments to the pleadings after April 23, 2018 and required discovery to close by June 1, 2018. It also set a final pretrial conference for October 16, 2018 with a trial term commencing on November 5, 2018.

5. On July 2, 2018, Defendants filed their motion for summary judgment wherein they argued, amongst other arguments, that Plaintiff lacked standing to pursue her claims.

6. On July 27, 2018, Plaintiff filed a response in opposition to Defendants' Motion for summary judgment. Plaintiff included another statement in support her argument that she had standing to bring the action. [Doc. 40-1]

7. A week later, on Saturday, August 4, 2018 Plaintiff filed her Southern District lawsuit against Defendants.

---

[2] Docket citations in this section refer to the docket in <u>Patricia Kennedy v. Cape Siesta Motel, LLC and Fawlty Towers, Inc.</u>, Case No. 6:17-cv-537-Orl-40DCI.

8. Thereafter, on August 16, 2018, Defendants filed a notice of pendency which disclosed that Plaintiff had initiated the Southern District lawsuit. That lawsuit pertains to Defendants' website and remains pending as of the date of filing this motion.

9. On September 18, 2018, the parties filed a joint pretrial statement and exhibit list in preparation for the upcoming trial in the Initial Case.

10. Finally, on October 4, 2018, the Court entered an Order wherein it Granted Defendants' motion for summary judgment based on Plaintiff's lack of standing, denied Plaintiff's motion for summary judgment, dismissed the case for lack of subject matter jurisdiction and directed the Clerk to terminate close the case.

*This Case*

1. About a month after the Initial Case was dismissed, Plaintiff filed her complaint in this action. Plaintiff's new Complaint alleges that she stayed on the Defendant property on February 15, 2017; the same day that was at issue in the previous case. [Doc. 1, ¶ 8][3].

2. Plaintiff also alleges that she checked into the Motel on October 8, 2018; four (4) days after the initial case was dismissed. [Doc. 1, ¶ 8].

3. Plaintiff also claims that she visited the property twice in between [February 15 2017 and October 8, 2018]. [Doc. 1, ¶ 8]. These other visits were not raised in the previous case, despite occurring during its pendency.

---

[3] Docket citations in this section refer to the docket in this case.

### III.     MEMORANDUM OF LAW

**A.  Collateral Estoppel**

The doctrine of collateral estoppel, or "issue preclusion," bars relitigation of an issue of fact or law that has been litigated and decided in a prior suit. CSX Tansp. Inc. v. Bhd. of Maintenance of Way Emps., 327 F.3d 1309, 1317 (11th Cir. 2003). There are four prerequisites to the application of the federal collateral estoppel doctrine: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." Id. (quotation omitted).

An issue has been actually litigated "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)). As for the third element, a "judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Christo v. Padgett, 223 F.3d 1324, 1339 n.47 (11th Cir. 2000) (quoting Restatement (Second) of Judgments § 13).

The Supreme Court has held that the "principles of res judicata apply to jurisdictional determinations-both subject matter and personal." See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982)("A party that has had an opportunity to litigate the question of subject matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res

judicata apply to jurisdictional determinations.").The Eleventh Circuit stated in [North Georgia Electric Membership Corp. v. City of Calhoun, 989 F.2d 429, 433 (11th Cir. 1993),](#) "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." Id. (citing [Boone, 617 F.2d at 436](#)). The Eleventh Circuit has further noted that "standing may not be relitigated" and a "valid final judgment for lack of jurisdiction or improper venue does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated." N. Ga. [Elec. Membership Corp., 989 F.2d at 433](#) (internal citations omitted); see also Fumbah v. United States AG, 205 F. App'x 808, 809 (11th Cir. 2006) ("A dismissal for lack of subject matter jurisdiction is not an adjudication on the merits that would give rise to a viable res judicata defense. However, a dismissal for lack of jurisdiction does adjudicate the court's jurisdiction, and a second action cannot command a second consideration of the same jurisdictional claims.").

Here, there is no dispute that the parties in this case are identical to those in the Initial Case. The claims in both cases are also identical and relate to the same operative facts. Indeed, the stay at issue in both cases stem from a February 15, 2017 visit to the Defendants' motel. Therefore, the first element is met.

The issue of standing was fully litigated in the previous case. The issue was raised in Defendants' motion for summary judgment and submitted to the court for determination. Plaintiff filed her response to the motion and provided the court with a statement from the Plaintiff in order to proffer additional facts to support her position that she had standing to sue. Thus, Plaintiff had a full and fair opportunity to litigate the issue.

Having reviewed the motion for summary judgment, Plaintiff's response and certain documents contained within the record, the Court issued its order on October 4, 2018, wherein it made specific findings of fact and provide detailed legal reasoning to support its conclusion that Plaintiff lacked standing. Based on those findings, the Court granted Defendants' motion for summary judgment and dismissed the case. Plaintiff did not appeal the decision. Therefore, the determination of standing was critical and necessary to the prior action and Plaintiff had a full and fair opportunity to litigate the issue.

Because the issue of Plaintiff's standing was fully litigated in the Initial Case, Plaintiff is collaterally estopped from re-litigating the same issue in this proceeding. As a result, Plaintiff lacks standing to proceed and the complaint is due to be dismissed for lack of subject matter jurisdiction.

B. <u>**Insufficient Pleadings**</u>

1. *Failure to sufficiently identify Defendant*

Throughout the complaint Plaintiff "sometimes" refers to the Defendants collectively as "Defendant" and uses the singular possessive, "Defendant's facility", "Defendant's non-compliance" This creates ambiguity as a result of the presence of two Defendants. This is ambiguity evident where Plaintiff's claims that "Defendant owns a place of public accommodation". [Doc. 1, ¶4]. Indeed, Plaintiff is well aware of the fact that both Defendants do not own the property but her use of the singular "defendant", with the assertion that she "sometimes" refers to both Defendants as "defendant" makes the pleading ambiguous and fails to plead sufficient facts to support a finding of liability.

2. *Failure to plead physical barriers*

Plaintiff claims that she does not have an exhaustive list of barriers and requires the property to be inspected by her expert in order to establish the ADA violations that exist on the property. Defendants take issue with this for two reasons.

First, Plaintiff already had her ADA expert inspect the facility in the Initial Case which, but for the order dismissing the case, was set for trial with the parties pre-trial statements and exhibit lists having already been filed. Because the basis of her lawsuit is her February 15, 2018 visit, which was also identified in the Initial Case, there is no reason why Plaintiff cannot identify the barriers at issue in this case.

Second, a plaintiff may only complain of barriers actually encountered at a defendant's property. *See Norkunas v. Seahorse NB, LLC,* 444 F. App'x 412, 416 (11th Cir. 2011) (finding that the plaintiff lacked standing to bring claims regarding the motel's designated accessible rooms because he failed to request an accessible room and thus did not experience discrimination related to the accessible room). Defendants previously addressed this in the initial case, as Plaintiff attempted to complain of barriers that she did not encounter. One such example was Plaintiff's claim that she suffered discrimination in the Men's restroom located in the common area of the property[4]. Plaintiff's proffering of a non-exhaustive list indicates that she is once again attempting to complain of barrier that she did not actually encounter. For this reason, the complaint is due to be dismissed.

### 3. *Failure to plead specific policy, practice, procedure*

Plaintiff neither identifies the specific policy, practice, procedure, or feature that violates the ADA, nor does she explain how each policy, practice, procedure, or feature fails to comply

---

[4] Doc 36, p. 6-7

with the ADA and the applicable regulations. Thus, the Court cannot determine what specific barriers Plaintiff encountered and whether those barriers violate the ADA and the applicable regulations. Therefore, Plaintiff's vague allegations fail to demonstrate that Defendants denied her full and equal enjoyment of its property based on her disabilities. *See Kennedy v. Paniccia-Indialantic, LLC,* Case No. 6:16-cv-2208-Orl-31DCI, 2017 WL 5178182, at *4 (M.D. Fla. Nov. 8, 2017) (dismissing complaint containing similar vague allegations); *Kennedy v. Baugher,* Case No. 6:17-cv-732-Orl-40GJK, Doc. 17 at 4 (M.D. Fla. July 13, 2017). As a result, Plaintiff's complaint is due to be dismissed.

### *4. Plaintiff seeks an injunction to alter a property which Defendants do not own*

As Judge Presnell stated in *Larkin v. Envoy Orlando Holdings LLC,* No. 6:15-cv-439-Orl-31GJK, 2015 WL 12857079, at *2 (M.D. Fla. Dec. 21, 2015), ADA litigation of this type "is not complex litigation. It is essentially a form practice and no special skill is required." One skill that is required is the ability to remove allegations intended for another lawsuit. Where Plaintiff is involved in hundreds of cases in this District and beyond, this turns out to be an arduous task.

Indeed, Plaintiff's complaint requests an injunction to require the Defendants to alter the "Terrace Hotel" [Doc. 1, ¶18] Defendants do not own or operate the "Terrace Hotel" nor does Plaintiff plead any facts to support a finding that Defendants can be liable for barriers at the "Terrace Hotel".[5] [6] Therefore, Plaintiff's complaint must be dismissed for failure to state a claim

---

[5] It appears that the Terrace Hotel which Plaintiff references in her complaint is located in Lakeland, Florida, a town in which Plaintiff now claims to reside. Plaintiff had sued the owners/operators of the Terrace Hotel. Kennedy v. Terrace Properties Partners, LTD, Case Nos. 8:18-cv-01464 and 8:18-cv-00720.

[6] This is not the first time Plaintiff has filed conflicting pleadings against the Defendants. By way of example, Plaintiff previously claimed that Defendants motel was a "shopping plaza" and provided sworn statements that she stayed at the Defendants motel on days where she did not. [Doc. 47, p. 9 n. 11].

upon which relief may be granted, as she has not plead any facts which would require the Defendants to alter a hotel which they do not own or operate.

### C. **Plaintiff Seeks An "Obey The Law" Injunction**

As stated above, a plaintiff may only complain of barriers actually encountered at a defendant's property. Plaintiff's complaint, however seeks injunctive relief against "the Defendant" including an order to make all readily achievable alterations to the facility." [Doc. 1, p. 9] This request is far broader than the relief available to Plaintiff. Additionally, the request appears to seek an "obey the law" injunction which are unenforceable. *See*, Payne v. Travenol Labs., Inc., 565 F. 2d 895, 897 (5th Cir. 1978) ("`[O]bey the law' injunctions cannot be sustained.").

**WHEREFORE**, Defendants, CAPE SIESTA MOTEL, LLC and FAWLTY TOWERS, INC, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and award Defendants such relief that this Court deems just and proper.

Respectfully submitted on this 19th day of December, 2018.

                                                    ARCADIER, BIGGIE & WOOD, PLLC.

                                                   */s/ Joseph C. Wood, Esquire*
                                                   Joseph C. Wood, Esquire
                                                   For the Defendant

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 19th day of December, 2018.

                                      ARCADIER, BIGGIE & WOOD, PLLC

                                      */s/, Joseph C. Wood, Esquire*
                                      Joseph C. Wood, Esquire
                                      Florida Bar No.: 0093839
                                      Maurice Arcadier, Esquire
                                      Florida Bar No. 0131180
                                      2815 W. New Haven, Suite 304
                                      Melbourne, Florida 32904
                                      Primary Email: office@wamalaw.com
                                      Secondary Email: Wood@wamalaw.com
                                      Phone: (321) 953-5998
                                      Fax: (321) 953-6075