UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

   Plaintiff,

v.               Case No: 6:18-cv-1992-Orl-40DCI

CAPE SIESTA MOTEL, LLC and
FAWLTY TOWERS, INC.,

   Defendants.
             /

## **ORDER**

This cause comes before the Court without oral argument on Defendants' Motion to Dismiss (Doc. 24 (the "**Motion**")) and Plaintiff's Response in Opposition (Doc. 29). With briefing complete, the Motion is ripe. Upon consideration, the Motion is due to be denied.

**I. BACKGROUND**

For the second time, Plaintiff, Patricia Kennedy, sues Defendants, Cape Siesta Motel, LLC, and Fawlty Towers, Inc., for discrimination under Title III of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12181–12189. The first suit was filed March 27, 2017, and closed on October 14, 2018, after Defendants' motion for summary judgment was granted upon a finding that Plaintiff lacked Article III standing. *See Kennedy v. Cape Siesta Motel, LLC*, No. 6:17-cv-537, Docs. 1, 47 (M.D. Fla.) (the "**Initial Case**"). This case—substantially similar to the Initial Case—was filed barely a month later, on November 29, 2018. (Doc. 1).

Defendants now move to dismiss the Amended Complaint, arguing (i) the holding from the Initial Case that Plaintiff lacks Article III standing to bring her ADA claims against

Defendants is binding here (and thus Plaintiff lacks standing) pursuant to collateral estoppel; (ii) the Amended Complaint fails to state a plausible claim; and (iii) Plaintiff seeks an impermissible "obey the law" injunction. (Doc. 24).

## II. STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

## III. DISCUSSION

### A. Collateral Estoppel

First, Defendants move to dismiss for lack of Article III standing, arguing the Court found Plaintiff without standing in the Initial Case, and the issue preclusion rule bars relitigating Plaintiff's standing. (Doc. 24, pp, 5–7). Plaintiff argues she has standing

2

because this case is premised on discrimination that occurred during visits to Defendants' property *subsequent to* the filing of the Initial Case. (Doc. 16, ¶ 8; Doc. 29, pp. 1–2). Plaintiff avers that she visited the subject property—where she faced discrimination giving rise to unique ADA claims—on four occasions not considered in the Initial Case. (Doc. 16, ¶ 8; Doc. 29-1, ¶ 15). Because "th[ese] visit[s] gave rise to a new and unique cause of action," Plaintiff contends that collateral estoppel does not bar her from litigating standing as to this case. (Doc. 29, p. 1).

The Court agrees with Plaintiff that the standing analysis from the Initial Case does not have issue preclusive effect on Plaintiff's standing to bring this case, which is predicated on alleged discrimination that postdates the discrimination alleged in the Initial Case. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed."); *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003) ("There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation . . . ."); (Doc. 29-1, ¶ 15).

### B. Stating a Claim

Next, Defendants argue that the Amended Complaint should be dismissed for failure to state a plausible claim. (Doc. 24, pp. 7–9). In support, Defendants aver that the pleading is deficient because it fails to specify each Defendant's conduct, does not allege what physical barriers Plaintiff faced, and does not plead specific discriminatory policies, practices, procedures, or features to support her ADA claims. (*Id.*).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a). An individual subjected to disability-based discrimination may bring a private action pursuant to Title III. *Id.* § 12182(b)(2)(A)(iv). Title III defines "discrimination" as, among other things, "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). To state a Title III ADA claim, Plaintiff must allege that: (1) he or she has a disability; (2) the defendant is a place of public accommodation; and (3) the defendant denied him or her equal enjoyment of goods, services, facilities, or privileges (4) on the basis of his or her disability. *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). The only relief available under Title III of the ADA is injunctive relief. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

The Amended Complaint states a plausible Title III discrimination claim. Although Defendants protest that the pleading neglects to allege specific physical barriers, paragraph eight alone identifies no fewer than eighteen physical barriers. (Doc. 16, ¶ 8). Plaintiff likewise alleges that she is disabled, Defendants' property is a place of public accommodation, and the physical barriers she faced denied her equal enjoyment to the property based on her disability. (*See id.* ¶¶ 1, 4, 7–8). Accordingly, the Amended Complaint is sufficiently detailed to survive dismissal. *See Schiavo*, 358 F. Supp. 2d at 1165.[1]

---

[1] Defendants' remaining Rule 12(b)(6) arguments are similarly ineffective. The Amended Complaint alleges that Defendants are "owners or operators of the subject premises." (Doc. 16, ¶¶ 4, 7). In the Court's view, that is enough to satisfy Rule 8 here. Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). It would be practically impossible to expect

4

### C. Obey the Law Injunction

Finally, Defendants contend that Plaintiff seeks an impermissible "obey the law" injunction. (Doc. 24, pp. 9–10). In support, Defendants cite *Payne v. Travenol Laboratories, Inc.*, 565 F.2d 895 (5th Cir. 1978), for the uncontroversial proposition that an injunction must "'be specific in terms' and 'describe in reasonable detail . . . the acts or acts sought to be restrained . . . .'" *Id.* at 897. Importantly, *Payne* does not say that pleadings containing broad injunctive relief requests are subject to dismissal based on the no-obey-the-law-injunctions rule. *See id.* Thus, Defendants' challenge to the precise language and scope of a potential injunction in this case is premature.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 24) is **DENIED**. Defendants shall answer the Amended Complaint no later than May 7, 2019.

**DONE AND ORDERED** in Orlando, Florida on April 23, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

plaintiffs to allege with specificity which defendant is responsible for a given physical barrier at a place of public accommodation where several defendants (i.e., owners, operators, tenants) share responsibility. Next, Defendants' contention that Plaintiff fails to plead a specific discriminatory policy, practice, or procedure is belied by the numerous physical barriers alleged with particularity. (*See* Doc. 16, ¶ 8).